IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:05CR162 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | TENTATIVE FINDINGS |
| ) | |
| MANUEL GARCIA, ) | |
| ) | |
| Defendant. ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 137). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 48 and 49, as well as subsequent paragraphs reflecting his criminal history category. The plea agreement states in ¶ 9(A) that criminal history category II "best reflects the defendant's criminal history."[1] The PSR places the Defendant in criminal history category III.

The Defendant objects to ¶ 48, which adds 2 criminal history points because the instant offense was committed while he was on probation for another offense. The Defendant does not challenge the factual accuracy of the events described or the application of U.S.S.G. § 4A1.1(d). The objection is denied.

---

[1] Generally, the Court does not look with favor upon such agreements, as the parties and the Court might not be aware of a defendant's complete criminal history until the PSR is submitted. Any criminal history provided by U.S. Pretrial Services early in a case is preliminary in nature, and it is premature of parties to rely on this information in reaching a plea agreement.

The Defendant also objects to ¶ 49 and other paragraphs reflecting the Defendant's criminal history category as III.  The Defendant does not challenge the facts or guideline application resulting in category III.  This same issue is argued in the context of a motion for downward departure pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0 or deviation.  While the objection is denied, the issue will be discussed at sentencing in the context of the Defendant's motion for downward departure or deviation.

IT IS ORDERED:

1. The Defendant's Objections to the Revised Presentence Investigation Report (Filing No. 137) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6. The Defendant's motion for downward departure or deviation (Filing No. 137) will be heard at sentencing.

DATED this 25th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge